**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-526** |
| **SHIRLENE SMALL** | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

## I. BACKGROUND

Defendant Shirlene Small is charged in an information with one count of theft of government funds, in violation of 18 U.S.C. § 641. The defendant has notified the government through her counsel that she wishes to plead guilty to the information.

## II. APPLICABLE STATUTE AND ESSENTIAL ELEMENTS OF THE OFFENSE

To obtain a conviction for theft of government funds in violation of 18 U.S.C. § 641, the government must prove beyond a reasonable doubt that:

1. The defendant knowingly converted to the defendant's use money with the intention of depriving the owner of the use or benefit of the money;
2. The money belonged to the United States; and
3. The value of the money was more than $1,000.

*See* Ninth Circuit Model Criminal Jury Instructions § 23.1 (Sept. 2018); 18 U.S.C. § 641; *United States v. Baker*, 928 F.3d 291, 297 (3d Cir. 2019); *United States v. Henry*, 447 F.2d 283, 284-86 (3d Cir. 1971).

## III. MAXIMUM PENALTIES

The statutory maximum penalties are: 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, full restitution of $67,706.20, and a $100 special assessment.

**Total Maximum Sentence**: 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, full restitution of $67,706.20, and a $100 special assessment.

## IV. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") program, pursuant to Title 42, United States Code, Sections 401-433 and the Supplemental Security Income ("SSI") program, pursuant to Title 42, United States Code, Sections 1381 to 1383f.

The RSI program was an earned-right program funded by Social Security taxes on employment wages. When an individual paid taxes into the Social Security trust fund, the individual and dependents, including spouses, were eligible to receive retirement benefits upon reaching a certain age. RSI payments continued until the beneficiary died.

The SSI program, which was funded through general tax revenues of the United States, provided monthly cash benefits to individuals who were age 65 or over or who were "disabled," and who demonstrated financial need, as determined by his or her "income" and "resources," as those terms were defined for purposes of the Social Security Act.

To receive SSI, applicants were required to report all income and assets, including

property, and once approved for SSI payments, were required to notify SSA if they were working or received income from any source.

Some individuals were not able to manage or direct the management of their finances because of their youth or mental and/or physical impairment. For an individual who was unable to manage their benefits, a representative payee was required to be approved by the SSA to manage the payments on behalf of the beneficiary.

Representative payees had a duty to use all of the payments for the needs of the SSA beneficiary and to notify the SSA of any changes in the household, including living arrangements or the death of the beneficiary. The representative payee was also responsible for completing forms on the accounting of the benefit payments, when requested by SSA. The benefit payments were made payable in the name of a relative or other person who was acting as the beneficiary's representative payee.

A representative payee had the duty to use the benefits received for a beneficiary only for the use and benefit of the beneficiary. If SSA benefit funds remained after current basic needs were met, the representative payee was required to save the remaining funds for the beneficiary's future use. A representative payee could not use benefit funds for their own personal use.

The grandmother of defendant Shirlene Small, identified herein as "S.R.," whose identity is known to the United States Attorney, received RSI and SSI benefits during her lifetime. No other individual was entitled to the benefits designated for S.R., and the benefits were to be terminated upon S.R.'s death. On or about April 4, 2018, defendant Small applied to be the representative payee for S.R., due to S.R.'s mental and physical impairments. In or about April 2018, defendant Small was named representative payee for S.R.

The SSA provided S.R.'s monthly benefit payments through an electronic funds transfer

to a Comerica Bank account titled to defendant Shirlene Small for the benefit of S.R. As representative payee, defendant Small was charged with using the benefits intended for S.R. for S.R.'s daily needs and care. Defendant Small was required to report any change in S.R.'s address, income, or death. Defendant Small was not permitted to use the benefits payments that were intended for S.R. for any purpose other than for the use and benefit of S.R. Defendant Small was read the warnings and requirements of a representative payee and acknowledged that she understood the rules.

S.R. died on or about April 25, 2019. The SSA has no record of timely notification of S.R.'s death and continued to issue RSI and SSI benefits payments through electronic funds transfers to the Comerica Bank account held in the name of defendant Shirlene Small for the benefit of S.R.

After S.R.'s death, defendant Shirlene Small improperly received and converted the benefit payments in S.R.'s Comerica Bank account for her own use, knowing that they were intended for S.R. and that defendant Small was ineligible to receive the benefit payments.

From in or about April 2019 through in or about January 2026, in the Eastern District of Pennsylvania and elsewhere, the defendant, Shirlene Small, knowingly stole and converted to her own use money of the United States in excess of $1,000, that is, SSA benefits totaling approximately $75,661.00, to which the defendant knew she was not entitled, and with the intention of depriving the United States of the use and benefit of the SSA benefits.

## V. <u>PLEA AGREEMENT</u>

The parties have executed a plea agreement, that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI. CONCLUSION

The government requests that the Court conduct a hearing under Federal Rule of Criminal Procedure 11 and if warranted then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s Laura J. Bradbury*
LAURA J. BRADBURY
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this Change of Plea Memorandum has been served by email on:

Douglas Helman, Esquire
Assistant Federal Defender
Defender Association of Philadelphia
The Curtis Center Building
601 Walnut Street – Suite 540 West
Independence Square West
Philadelphia, PA 19106

*/s Laura J. Bradbury*
LAURA J. BRADBURY
Special Assistant United States Attorney

DATED: October 22, 2026.