J-1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO:** 26-526 |
| **v.** | : | **DATE FILED:** |
| **SHIRLENE SMALL** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 641 (theft of government funds - 1 count)** |
| | | **Notice of forfeiture** |

**<u>INFORMATION</u>**

**<u>COUNT ONE</u>**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") program, pursuant to Title 42, United States Code, Sections 401-433 and the Supplemental Security Income ("SSI") program, pursuant to Title 42, United States Code, Sections 1381 to 1383f.

2. The RSI program was an earned-right program funded by Social Security taxes on employment wages. When an individual paid taxes into the Social Security trust fund, the individual and dependents, including spouses, were eligible to receive retirement benefits upon reaching a certain age. RSI payments continued until the beneficiary died.

3. The SSI program, which was funded through general tax revenues of the United States, provided monthly cash benefits to individuals who were age 65 or over or who

were "disabled," and who demonstrated financial need, as determined by his or her "income" and "resources," as those terms were defined for purposes of the Social Security Act.

4. To receive SSI, applicants were required to report all income and assets, including property, and once approved for SSI payments, were required to notify SSA if they were working or received income from any source.

5. Some individuals were not able to manage or direct the management of their finances because of their youth or mental and/or physical impairment. For an individual who was unable to manage their benefits, a representative payee was required to be approved by the SSA to manage the payments on behalf of the beneficiary.

6. Representative payees had a duty to use all of the payments for the needs of the SSA beneficiary and to notify the SSA of any changes in the household, including living arrangements or death. The representative payee was also responsible for completing forms on the accounting of the benefit payments, when requested by SSA. The benefit payments were made payable in the name of a relative or other person acting as the beneficiary's representative payee.

7. A representative payee had the duty to use the benefits received for a beneficiary only for the use and benefit of the beneficiary. If SSA benefit funds remained after current basic needs were met, the representative payee was required to save the remaining funds for the beneficiary's future use. A representative payee could not use benefit funds for their own personal use.

8. The grandmother of defendant SHIRLENE SMALL, identified herein as "S.R.," whose identity is known to the United States attorney, received RSI and SSI benefits during her lifetime. No other individual was entitled to the benefits designated for S.R. and the benefits were to be terminated upon S.R.'s death.

9. On or about April 4, 2018, defendant SHIRLENE SMALL applied to be the representative payee for S.R., due to S.R.'s mental and physical impairments.

10. In or about April 2018, defendant SHIRLENE SMALL was named representative payee for S.R.

11. The SSA provided S.R.'s monthly benefit payments through an electronic funds transfer to a Comerica Bank account titled to defendant SHIRLENE SMALL for the benefit of S.R.

12. As representative payee, defendant SHIRLENE SMALL was charged with using the benefits intended for S.R. for S.R.'s daily needs and care. Defendant SMALL was required to report any change in S.R.'s address, income, or death. Defendant SMALL was not permitted to use the benefits payments that were intended for S.R. for any purpose other than for the use and benefit of S.R. Defendant SMALL was read the warnings and requirements of a representative payee and acknowledged that she understood the rules.

13. S.R. died on or about April 25, 2019.

14. The SSA has no record of timely notification of S.R.'s death and continued to issue RSI and SSI benefits payments through electronic funds transfers to the

Comerica Bank account held in the name of defendant SHIRLENE SMALL for the benefit of S.R.

15. After S.R.'s death, defendant SHIRLENE SMALL improperly received and converted the benefit payments in S.R.'s Comerica Bank account for her own use, knowing that they were intended for S.R. and that defendant SMALL was ineligible to receive the benefit payments.

16. From in or about April 2019 to in or about January 2026, in the Eastern District of Pennsylvania and elsewhere, defendant

**SHIRLENE SMALL**

knowingly stole and converted to her own use money of the United States in excess of $1,000, that is, SSA benefits totaling approximately $75,661.00, to which the defendant knew she was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**SHIRLENE SMALL**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense, including but not limited to the sum of approximately $75,661.00.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

Christine E. Sykes for
**DAVID METCALF**
**UNITED STATES ATTORNEY**